## Leonard *versus* Dillon *et al.*

1. Judgment was recovered before a justice and appealed from; he afterwards issued an execution which was regular on its face.  *Held*, that the constable was protected in executing it, although he had notice of the appeal.

2. The constable could not be affected by the illegal act of the justice; he could know nothing but what he saw on the writ.

3. The only notice the officer is bound to regard, is one proceeding from the authority issuing the writ.

4. It is for the justice to determine whether the appeal is regularly taken and to countermand the execution if issued.

5. O'Donnell *v.* Mullin, 3 Casey 199, followed.

March 25th 1874.   Before AGNEW, C. J., SHARSWOOD, MERCUR and GORDON, JJ.   WILLIAMS, J., at Nisi Prius.

Error to the Court of Common Pleas of *Clearfield county*: Of January Term 1873, No. 135.

This was an action of trespass d. b. a., brought October 9th 1858, by John M. Leonard against George R. Dillon, John Davis and others, for seizing and selling five colts, the property of the plaintiff.

The facts in the case were as follows :—

Davis, one of the defendants, on the 15th of October 1856, recovered a judgment by default before O. P. Wilder, a justice of the peace, against Leonard, the plaintiff, for $72. Leonard appealed from this judgment and duly entered his appeal in the Court of Common Pleas.   In October 1858, the appeal then pending, an execution was issued by the justice and delivered to the defendant Dillon a constable.   He, with Davis, the plaintiff in the execution, and the other defendants, by authority of the execution, went to the premises of Leonard to levy on his personal property.   Dillon levied on the five colts and sold them under the execution.

The case was tried November 13th 1872, before Mayer, P. J. Besides the facts as above stated there was evidence, that at the time of the levy and seizure Leonard notified both Davis and Dillon of the appeal.   After the levy, he obtained a certiorari to the justice, which he served on the justice and Wilder.   The constable was indemnified by Davis and sold the colts under the execution.

There was evidence as to the value of the property and also as to other matters connected with the seizure and sale.

After referring to the evidence Judge Mayer charged :—

* * * " Under this state of facts, which seem to be without dispute, it is contended on the part of plaintiff that as the judgment on which the execution was issued had been appealed from, prior to the issuing of said execution, the justice had no jurisdiction to issue the writ, and that in consequence it furnished no protection to the constable in the execution of it; that he was a trespasser

[Leonard v. Dillon.]

and liable to respond to the plaintiff for all damages sustained by the levy and sale of the colts.

A constable is a ministerial officer, whose duty it is to execute all legal process committed to him, issued by a magistrate having jurisdiction of the subject-matter, and who would be liable for any neglect or omission of duty in the execution of such process. And where want of jurisdiction does not appear upon the face of the writ, we are of the opinion that the officer is not bound to examine into the validity of the proceedings or the regularity of the process. In this case, although the judgment was appealed from, and the justice issued the execution without authority, yet as the writ was regular, and nothing appeared on its face to indicate a want of jurisdiction, we think the constable can claim the benefit of the execution under which he acted, and justify himself in making the levy and selling the property of the plaintiff. [Neither was he bound to regard the notice given to him by the defendant in the execution that the appeal had been taken.] Had notice been received from the justice that the judgment was appealed from, and the execution revoked or superseded, and the constable had then proceeded with the execution of the writ, he would have rendered himself liable as a trespasser. Nor was the liability of the constable affected by the service of the writ of certiorari upon him. The writ was not directed to the constable, but to the justice who issued the execution. The service of it upon the constable was a nullity. If service of it was made upon the justice, it would have been his duty to notify the constable, and to revoke or supersede the execution in his hands. In the absence of such revocation or *supersedeas* from the justice, it was the duty of the constable to proceed with the execution of the writ. * * * Under the evidence and the law we say, that George Dillon, the constable, is not liable to the plaintiff for levying upon and selling his property, under and in pursuance of the mandate contained in the execution issued upon the judgment of John Davis. But whilst the constable is not liable, John Davis, the plaintiff in the judgment before the justice and one of the defendants in this action, would not be exempt from liability, but would be responsible for all damages which the plaintiff may be entitled to recover, and as to him the jury can render a verdict for the plaintiff, for an amount which will fully compensate him for the loss sustained by the seizure and sale of the colts. What amount of damages is the plaintiff entitled to recover? As a general rule, the measure of damages in an action of this kind is the value of the property taken and interest thereon to the time of trial; but the jury are not confined to the actual damage sustained; they may go beyond that, if the evidence shows that the taking of the property was attended with circumstances of aggravation or outrage. If Davis, the plaintiff in the judgment, knew that the appeal had been taken and entered, and proceeded regardless of it

[Leonard *v.* Dillon.]

to enforce the collection of his judgment by execution, the jury may take that into consideration in determining the amount of damages to which plaintiff may be entitled, being careful to limit themselves within reasonable bounds.

The verdict was for the plaintiff for $323.16 against Davis, and for Dillon and the other defendants.

Leonard took out a writ of error and in several specifications assigned the instructions of the court to the jury, for error.

*W. A. Wallace,* for plaintiff in error.—An execution on a judgment appealed from is no protection to the constable : O'Donnell *v.* Mullin, 3 Casey 199. An execution issued within the period of a stay of execution is a nullity : Milliken *v.* Brown, 10 S. & R. 188. An officer is not protected if he has notice that the justice had not jurisdiction, although the process may show on its face that he had jurisdiction : 2 Hilliard on Torts 185 ; McDonald *v.* Wilkie, 13 Ill. 22, 602 ; Barnes *v.* Barber, 1 Gilm. 401 ; Parker *v.* Smith, 1 Id. 411 ; Whipple *v.* Kent, 2 Gray 410. The constable was liable for executing the process after the issuing of the certiorari : Belshaw *v.* Marshall, 4 B. & Ad. 336 ; Williams *v.* Stewart, 12 S. & M. 533.

*J. B. McEnally,* for defendant in error.—Whenever the subject matter is within the jurisdiction of the justice, and the writ is regular on its face, the constable is safe in obeying its command, no matter what his own opinion may be : 2 Hilliard on Torts 184, *et seq.* A constable may justify under an execution, although irregular : Paul *v.* Vankirk, 6 Binney 123 ; Moore *v.* Allegheny, 6 Harris 58 ; Cunningham *v.* Mitchell, 17 P. F. Smith 81 ; Billings *v.* Russell, 11 Harris 192 ; O'Donnell *v.* Mullin, 3 Casey 202.

Judgment was entered in Supreme Court, March 30th 1874.

PER CURIAM.—The execution being regular on its face, and the justice having jurisdiction, the constable was protected by the writ notwithstanding the judgment before the justice was superseded by the appeal. The mistake or even the wilful wrong of the justice in issuing the execution, reciting the superseded judgment as in full force, could not affect the constable, who could know nothing except what he saw on the face of his writ. Having an execution regular in all appearance, he cannot be placed in the embarrassing position of refusing to execute it, by a mere notice from the defendant that he has taken an appeal. The only notice the officer is bound to regard, is one proceeding from the same authority that issued the writ. It is the province of the justice to determine whether the appeal is regularly taken, and if so to countermand the execution ; if he have issued it : O'Donnell *v.*

[Leonard *v.* Dillon.]

Mullin, 3 Casey 199. The constable having no authoritative notice of the appeal was protected by his writ.

This is according to the current of decision in this state, and is essential to the protection of officers proceeding bonâ fide in the execution of their duties.

Judgment affirmed.